IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE R. SERNA,

      Plaintiff,

v.                                                         No. 1:23-cv-00288-MV-JFR

WILLIAM KELEHER,

      Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

The case arises out of a foreclosure action in state court. *See* Complaint for a Civil Case, Doc. 1, filed April 3, 2023 ("Complaint"). Plaintiff, who is proceeding *pro se*, alleges that Defendant, who was the Special Master in the state-court foreclosure case, improperly transferred to the plaintiffs in the foreclosure case the property where Plaintiff and his wife lived. *See id.* at 2. Plaintiff asserts a due process claim pursuant to 42 U.S.C. § 1983 and claims pursuant to state law. *See id.* at 1, 3. Plaintiff seeks $900,000.00 in damages and vacatur of the Special Master's Warranty Deed. *See id.* at 6-7.

This is the second case in which Plaintiff Mike Serna asserts a Section 1983 due process claim and state-law claims against Defendant arising from Defendant's sale of a property pursuant to a judgment in the state-court foreclosure action.[1] *See Serna v. Keleher*, No. 1:22-cv-00575-MV-JHR (D.N.M.) ("Serna I"). Plaintiff's wife, Emma Serna, previously filed a complaint asserting a Section 1983 claim and state-law claims against Defendant alleging that Defendant unlawfully sold the property. *See* Doc. 1, filed August 2, 2022, in *Serna I*. Emma Serna later filed

---

[1] The Court has since imposed filing restrictions on Plaintiff. *See* Doc. 33, filed May 31, 2023, in *Serna v. BBVA USA*, No. 1:22-cv-00852-DHU-JMR.

an amended complaint adding Mike Serna as a plaintiff. *See* Doc. 8, filed September 1, 2022, in *Serna I*. The undersigned dismissed the Sernas' federal due process claim with prejudice, declined to exercise supplemental jurisdiction over the state-law claims, dismissed the case, and entered Final Judgment. *See* Docs 33 and 34, filed March 30, 2023, in *Serna I*.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff that:

It appears that Plaintiff's claims in this case are barred by the doctrine of *res judicata*.

> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017). There is a final judgment in *Serna I*, Plaintiff was a plaintiff in *Serna I*, and both this case and *Serna I* are based on Defendant's actions as special master in selling the property pursuant to the judgment in the state-court foreclosure action.

Order to Show Cause at 2, Doc. 5, filed April 18, 2023. Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case as barred by *res judicata*.

In his Response to Judge Robbenhaar's Order to Show Cause, Plaintiff, apparently referring to the state court case, asserts:

> The claim against the [Special] Master, defendant has never been heard, and the Defendant was never a litigant in any case with the adverse party, the two above Websters or the Sernas.  There was never a chance to litigate a claim because the case ended in December, 2022, and a judgment was entered in January, 2023.  Res judicata does not exist because the [Special] Master was not a litigant in this case, 2.  There has never been a case against the [Special] Master.

Response at 2, Doc. 7, filed April 27, 2023.

Plaintiff fails to show that this case is not barred by *res judicata* because Plaintiff has not addressed the preclusive effect of the undersigned's dismissal of Plaintiff's claims against Defendant in *Serna I*.

**Quasi-Judicial Immunity**

Judge Robbenhaar also notified Plaintiff that:

> It appears that Defendant, as Special Master holding a sale of the property pursuant to a state-court judgment, is entitled to quasi-judicial immunity.  "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 F. App'x 725, 728 (10th Cir. 2008); *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) ("[J]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy [] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order;" stating that an official's quasi-judicial immunity derives from judicial immunity) (quotation marks and citations omitted);

Order to Show Cause at 4.  Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss the damages claim against Defendant based on quasi-judicial immunity.

Plaintiff does not explicitly address quasi-judicial immunity.  Plaintiff states that Defendant "should have the knowledge and experience that once the judgment is null and void his hands are tied, and it is wrong to give property away that was not sued or has a judgment against it."  Response at 2.  Plaintiff also asserts that Defendant used an "unlawful procedure" to sell the property.  *Id*.

3

Plaintiff has not shown cause why the Court should not dismiss the damages claim against Defendant based on quasi-judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

**Claims Asserted on Behalf of Plaintiff's Family**

Judge Robbenhaar notified Plaintiff that:

> It appears that Plaintiff may be asserting claims on behalf of his family. *See* Complaint at 3, 6 ("the Special Master deprived me and my family of a place to live;" "the law and the Constitution of the United States gives me a right to bring this Claim against the Special Master for the damages he has caused me, and my wife, and beneficiaries;" "we [Plaintiff and his family] deserve the $900,000.00 from the Defendant"). Plaintiff cannot assert claims on behalf of his family because Plaintiff is not a licensed attorney authorized to practice in this Court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

Order to Show Cause at 4-5. Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss the claims he is asserting on behalf of his family. Plaintiff's Response does not address the claims Plaintiff is asserting on behalf of his family.

**Amended Complaint**

Finally, Judge Robbenhaar ordered:

> If Plaintiff asserts that the Court should not dismiss any claims, Plaintiff must, within 14 days of entry of this Order, file an amended complaint alleging facts that state a claim over which the Court has jurisdiction. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

*Id.* at 6. Plaintiff did not file an amended complaint by the May 2, 2023, deadline.[2]

---

[2] Plaintiff states that he served Defendant with a summons but does not indicate that he served Defendant with the Complaint. *See* Summons Returned Executed, Doc. 6, filed April 21, 2023. Counsel for Defendant has entered an appearance but has not filed an answer or motion under Rule 12 of the Federal Rules of Civil Procedure. *See* Doc. 8, filed May 5, 2023.

**Conclusion**

Plaintiff filed a Complaint asserting due process and state-law claims arising from Defendant's sale of a property pursuant to a judgment in a foreclosure case in state court. Plaintiff previously filed a case based on the same facts. The undersigned dismissed the due process claims in the previous case with prejudice, declined to exercise supplemental jurisdiction over the state-law claims, dismissed the case, and entered Final Judgment.

In this case, Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss the federal due process claims, first because they are barred by *res judicata*, and second because Defendant is entitled to quasi-judicial immunity. Judge Robbenhaar also ordered Plaintiff to file an amended complaint.

Plaintiff failed to show that his federal due process claims are not barred by *res judicata* or that Defendant is not entitled to quasi-judicial immunity. Nor did Plaintiff file an amended complaint.

The Court dismisses Plaintiff's federal due process claims with prejudice as barred by *res judicata*. Having dismissed Plaintiff's federal law claims, the Court declines to exercise jurisdiction over Plaintiff's state-law claims and dismisses the state-law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."). Because it has dismissed Plaintiff's federal law claims and declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, the Court dismisses this case.

**IT IS ORDERED** that this case is **DISMISSED.**

_____
**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**